```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

TIFFANY GONZALES,                  :
                                   :CIVIL ACTION NO. 3:12-CV-2240
          Plaintiff,               :
                                   :(JUDGE RICHARD P. CONABOY)
     v.                            :
                                   :
PROGRESSIVE NORTHERN               :
INSURANCE COMPANY,                 :
                                   :
          Defendant.               :
                                   :

## **MEMORANDUM**

Here we consider Plaintiff's Motion to Remand (Doc. 5) filed on November 28, 2012. Plaintiff filed her supporting brief on December 11, 2012. (Doc. 7.) With this motion, Plaintiff seeks remand of her case to the Lackawanna County Court of Common Pleas on the basis that this Court lacks jurisdiction over this matter because the amount in controversy does not satisfy the amount required for exercise of federal jurisdiction. (Doc. 5.)

On December 26, 2012, Defendant filed its opposition brief (Doc. 9), and Plaintiff filed her reply brief (Doc. 11) on January 9, 2013. With this matter fully briefed and ripe for disposition, the Court concludes that remand is proper in this case.

## **I. Background**

This case arises from an automobile accident which occurred on January 13, 2007, and the subsequent underinsured motorist claim filed against Defendant seeking the $25,000.00 underisured motorist coverage available under the policy. (Doc. 7 at 1.) At the time

of the accident, Plaintiff was a passenger in her husband Gildardo Brito's car which was insured by Defendant. (Doc. 7 at 1.) The $25,000.00 coverage is the only recoverable item of damage alleged in Plaintiff's Complaint. (*Id.*)

Prior to asserting her claim for underinsured motorist benefits against Defendant, Plaintiff settled her claims against the Third Party tortfeasor who had limits of liability coverage in the amount of $100,000.00. (Doc. 9 at 3.) In order to recover any damage against Defendant, Plaintiff must prove her injuries exceed $100,000 as Defendant is entitled to credit for the amount of the limits of liability coverage recoverable by Plaintiff from the tortfeasor. (Doc. 9 at 4.)

Plaintiff commenced this action by filing a written summons in the Court of Common Please of Lackawanna County, Pennsylvania, on September 5, 2012. (Doc. 1 ¶ 3.) Plaintiff filed a Complaint in the Court of Common Pleas of Lackawanna County on October 29, 2012. (Doc. 1 ¶ 6.) Defendant filed a Notice of Removal in this Court on November 13, 2012, based on diversity jurisdiction. (Doc. 1.)

As noted above, Plaintiff filed her Motion to Remand (Doc. 5) on November 28, 2012. This motion is now fully briefed and ripe for disposition.

## **II. Discussion**

Plaintiff asserts that this case should be remanded because Defendant had no legitimate bases to remove the case in that it involves a matter of equal to or less than $25,000 and, therefore,

does not meet the jurisdictional amount (greater than $75,000) required by 28 U.S.C. § 1332(a)(1). (Doc. 5 at 1-2.) We agree.

The removal of a state case to federal court is governed, in part, by 28 U.S.C. § 1441. Pursuant to § 1441(a), a case is removable to the federal district court embracing the place where the action is pending if the district court has original jurisdiction. Under 28 U.S.C. § 1331, the district courts have original jurisdiction over any federal claim arising under the Constitution, laws, or treaties of the United States. Section 1332 grants the district courts original jurisdiction over all civil actions between citizens of different States where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). In determining whether the amount in controversy reaches the statutory minimum for purposes of remand, a federal district court will base its decision on the facts alleged in the complaint. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). Further, 28 U.S.C. § 1447(c) provides that the district court at any time prior to final judgment shall remand any case where it lacks subject matter jurisdiction.

Our Third Circuit observed § 1441 is subject to strict construction against removal and all doubts must be resolved in favor of remand. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In *Boyer*, the Third Circuit recognized such a construction is warranted in order to honor Congress' intent to limit federal diversity jurisdiction. *See Boyer*, 913 F.2d at 111.

Additionally, the defendant, as the party seeking to invoke the federal court's jurisdiction, bears the burden of establishing jurisdiction to a legal certainty. *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

Reviewing the facts alleged in the Complaint as required by *Angus*, 989 F.2d at 145, we conclude it is clear that Plaintiff seeks the limits available for underinsured motorist coverage in Defendant's policy of insurance which is $25,000.00. (*See* Doc. 5-1 at 4, 5.) Plaintiff states in her Complaint that she "is entitled to the limits of $25,000.00 under-insured motorist coverage under said policy." (Doc. 5-1 at 5 (Compl. ¶ 18).) Furthermore, Plaintiff's Complaint seeks judicial arbitration (*see* Doc. 5-1 at 2, 5 (Compl. Caption, ¶ 15, Wherefore Clause)), and she asserts the jurisdictional amount for judicial arbitration in Lackawanna County is $25,000.00 (Doc. 5 ¶ 5). Thus, although we agree with Defendant that "the court must measure the amount . . . by a reasonable reading of the value of the rights being litigated" (Doc. 9 at 6 (internal quotation omitted)), we reject Defendant's unsupported suggestion that the value of the rights litigated in this case is equivalent to the amount of damages Plaintiff must prove in order to receive payment for underinsured motorist coverage (over $100,000.00) (*id.*). Rather, the value of the rights litigated here is $25,000.00 because Plaintiff's Complaint limits the amount sought to $25,000.00, and the "right[] being litigated" is Plaintiff's entitlement to the $25,000 underisured motorist

coverage available under the Progressive policy.  Therefore, Plaintiff's Motion to Remand (Doc. 5) is properly granted.

### III. Conclusion

For the reasons discussed above, Plaintiff's Motion to Remand (Doc. 5) is GRANTED and this matter is remanded to the Lackawanna County Court of Common Pleas.  An appropriate Order is filed simultaneously with this Memorandum.


                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                         United States District Judge

DATED: January 17, 2013 _____